# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

FASTVDO LLC,

        Plaintiff,

v.

HARMONIC INC.,

        Defendant.

C.A. No. 12-1418 (RGA)

**Jury Trial Demanded**

## HARMONIC, INC.'S ANSWER TO PLAINTIFF FASTVDO LLC'S COMPLAINT, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

Defendant Harmonic, Inc. ("Harmonic"), by and through its undersigned counsel, hereby responds to Plaintiff FastVDO LLC's ("FastVDO") Complaint with the following Answer, Affirmative Defenses, Counterclaims, and jury demand as follows:

## HARMONIC'S ANSWER TO FASTVDO'S COMPLAINT

## PARTIES

1. FastVDO is a Florida limited liability corporation with a principal place of business at 750 N. Atlantic Ave., Cocoa Beach, FL 32931.

**ANSWER**: Harmonic lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint and therefore denies them.

2. On information and belief, Harmonic Inc. ("Harmonic") is a Delaware corporation with a principal place of business at 4300 North First Street, San Jose, CA 95134.

**ANSWER**: Harmonic admits the allegations in Paragraph 2.

## JURISDICTION AND VENUE

3. This is an action for patent infringement arising under the patent laws of the United States of America, 35 U.S.C. § 1, *et seq.*, including § 271. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

**ANSWER**: Harmonic admits that FastVDO purports to allege an action arising under the

1

patent laws of the United States, Title 35of the United States Code. At this time, Harmonic does not contest this Court's jurisdiction over FastVDO's claims. Except as expressly admitted, Harmonic denies the remaining allegations of Paragraph 3.

4. This Court has personal jurisdiction over Harmonic because, among other reasons, Harmonic is incorporated under the laws of the State of Delaware, and Harmonic has conducted and continues to conduct regular and ongoing business in Delaware. Additionally, on information and belief, Harmonic has committed and continues to commit acts of direct and indirect infringement in this District by making, using, importing, offering for sale, and/or selling infringing products, and inducing others to perform method steps claimed by FastVDO's patent in Delaware.

**ANSWER**: Harmonic admits that it is subject to the jurisdiction of this Court. Harmonic denies that it has committed any act of direct or indirect infringement, and denies that that it has committed any act inducing others to perform method steps claimed by FastVDO's patent, in Delaware or anywhere else. Except as expressly admitted, Harmonic denies the remaining allegations of Paragraph 4.

5. Venue is proper in this district under 28 U.S.C. §§ 1391(b)-(c) and 1400(b) because, among other reasons, Harmonic is incorporated under the laws of the State of Delaware, and Harmonic has conducted and continues to conduct regular and ongoing business in Delaware. Additionally, on information and belief, Harmonic has committed and continues to commit acts of direct and indirect infringement in this District by making, using, importing, offering for sale, and/or selling infringing products, and inducing others to perform method steps claimed by FastVDO's patent in Delaware.

**ANSWER**: Harmonic admits that venue is technically proper in this judicial district under 28 U.S.C. §§ 1391(c) and 1400(b), but Harmonic denies that this district is the most convenient forum for the parties and witnesses or in the interests of justice. Harmonic further denies that it has committed any act of direct or indirect infringement, and denies that that it has committed any act inducing others to perform method steps claimed by FastVDO's patent, in Delaware or anywhere else. Except as expressly admitted, Harmonic denies the remaining allegations of Paragraph 5.

## COUNT I

### (Infringement of U.S. Patent No. RE 40,081)

6. FastVDO is the owner by assignment and merger of United States Patent No. RE 40,081 ("the '081 patent"), entitled "Fast Signal Transforms With Lifting Steps." The '081 patent reissued on February 19, 2008, based on an initial application filed December 16, 1998. A true and correct copy of the '081 patent is attached hereto as Exhibit A. The '081 patent enables digital video compression through the coding and decoding of blocks of digital image intensities with a block coder and transform coder that utilizes an invertible linear transform having a +/-1 butterfly step, a lifting step, and a scaling factor. International Telecommunications Union – Telecommunication Standardization Sector (ITU-T) H.264 (also known as MPEG-4 Part 10, Audio Video Coding or AVC) (herein "H.264" or "MPEG-4 AVC") is a video compression standard that performs digital image compression by coding and decoding blocks of digital image intensities with a block coder and with a transform coder that includes an invertible linear transform, which is representable as a cascade using at least one +/-1 butterfly step, at least one lifting step, and at least one scaling factor. The FastVDO patent is essential to the H.264 standard, and it was properly identified to the International Telecommunications Union on May 14, 2003, before the promulgation of the H.264 standard in March 2005.

**ANSWER**: Harmonic admits that a copy of U.S. Reissue Patent No. RE40,081 ("the '081 patent") is attached to the Complaint. Harmonic further admits that the '081 patent states on its face that (a) it is entitled "Fast Signal Transforms With Lifting Steps," (b) it was reissued on February 19, 2008, and (c) that the original patent application was filed December 16, 1998. Harmonic further admits that the '081 patent relates generally to video compression. Harmonic denies that the '081 patent "enables" video compression, denies that the '081 patent is essential to the H.264 / MPEG-4 AVC standards, and denies that the '081 patent was properly or timely disclosed to the International Telecommunications Union. Harmonic denies the remaining allegations of Paragraph 6.

7. On information and belief, in violation of one or more provisions of 35 U.S.C. § 271, Harmonic has infringed one or more claims of the '081 patent by making, using, importing, selling, or offering to sell encoders, transcoders, software and servers that use H.264 to code and/or decode video, including, but not limited to, Electra 5400, Electra 7000, Electra 8100, Electra 8200, Electra 9200, ProMedia Carbon, ProMedia Live, ProMedia Xpress, ProStream 1000 with ACE, ProMedia 1100/1004, ProMedia 1110, ProMedia 1200, ProMedia 2000, ProMedia 3102, ProMedia 5200, Ellipse 1000, and Ellipse 2000. Additionally, Harmonic has had

3

knowledge of the '081 patent since at least November 8, 2012,[1] or alternatively since being served with this complaint, and Harmonic has induced others, such as its customers and/or consumers of H.264 content produced by its customers, to code and/or decode video with H.264 and practice the method steps of the '081 patent with its marketing materials, advertising materials, manuals and customer support services since at least this time. For example, Harmonic's website advertises that the Electra 5400 provides "High-quality H.264 SD encoding for broadcast video services".[2] The Electra 5400 provides "[u]p to four simultaneous MPEG-4 AVC (H.264) channels …enabling efficient encoding of broadcast video services in high and low resolutions." *Id*. Similarly, Harmonic's website markets ProMedia Live as "a real-time video processing and encoding system with enhanced H.264 video codec technology for creating high-quality internet video streams."[3] ProMedia Live "can transcode baseband SD and HD or MPEG-2 or MPEG-4 AVC (H.264) content to multiple H.264 streams optimized for adaptive bitrate delivery." *Id*. These representative marketing materials exemplify how Harmonic induces its customers to use its accused products to code and/or decode video with H.264, and/or code video with H.264 and transmit compressed video to others for decoding and viewing to perform the method steps of the '081 patent (e.g., coding and decoding blocks of digital image intensities with a block coder and coder that utilizes an invertible linear transform having a +/- butterfly step, a lifting step, and a scaling factor). By continuing the representative aforementioned activities with knowledge of the '081 patent and its essentiality to the H.264 standard, Harmonic has known, or should have known, that it was inducing infringement by causing the method steps of the '081 patent to be performed.

**ANSWER**: Harmonic denies the allegations of Paragraph 7.

## **PRAYER FOR RELIEF**

Harmonic incorporates herein by reference its responses to Paragraphs 1 through 7 of Fast VDO's Complaint and Harmonic denies that FastVDO is entitled to any relief, let alone the relief sought in its prayer for relief. FastVDO's prayer for relief should be denied in its entirety and with prejudice. Harmonic asks that judgment be entered for Harmonic and that this action be found to be an exceptional case under 35 U.S.C. § 285 entitling Harmonic to be awarded attorneys' fees in defending against FastVDO's Complaint, along with such other and further relief that the Court deems appropriate.

## **JURY DEMAND**

Harmonic admits that FastVDO has requested a trial by jury.

---

[1] See Exhibit B.

[2] See http://www.harmonicinc.com/product/electra-5400 (attached hereto as Exhibit C).

[3] See http://www.harmonicinc.com/product/promedia-live (attached hereto as Exhibit D).

## AFFIRMATIVE DEFENSES

Pursuant to Federal Rule of Civil Procedure 8(c), Harmonic asserts the following affirmative defenses to FastVDO's Complaint, undertaking to prove only those defenses on which it bears the burden of proof under the applicable law.

### FIRST AFFIRMATIVE DEFENSE
### (Noninfringement)

Harmonic does not infringe and has not infringed, either directly or by inducing infringement of others, by contributing to the infringement of others, or at all, any valid and enforceable claim of the '081 Patent, either literally or under the doctrine of equivalents.

### SECOND AFFIRMATIVE DEFENSE
### (Invalidity)

Each claim of the '081 Patent is invalid for failure to meet one or more conditions and requirements for patentability specified in Title 35, United States Code, including without limitation, the conditions of patentability set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112.

### THIRD AFFIRMATIVE DEFENSE
### (Prosecution History Estoppel)

FastVDO is barred, under the doctrine of Prosecution History Estoppel, from construing the claims of the '081 Patent in such a way as may cover any of Harmonic's products, due to amendments and/or statements made to the United States Patent and Trademark Office ("USPTO") during the prosecution of the applications that led to the issuance of the '081 patent or its predecessors.

### FOURTH AFFIRMATIVE DEFENSE
### (Failure to Mark)

FastVDO's claims for damages are limited by 35 U.S.C. §§ 286 and/or 287, due to failure to comply with the marking and notice requirements of 35 U.S.C. § 287(a).

## FIFTH AFFIRMATIVE DEFENSE
### (Laches/Waiver/Estoppel/Unclean Hands)

FastVDO's claims are barred, in whole or in part, by the equitable doctrines of laches, waiver, estoppel and/or unclean hands, resulting at least from FastVDO's failure to timely disclose the '081 patent to relevant standards-setting bodies.

The Joint Video Team ("JVT") is the standardization body for the ITU H.264 Standard and the ISOIIEC 14496-10 (MPEG-4 AVC) Standard (collectively, the "H.264/MPEG-4 AVC Standard") for video compression. The consumer electronics industry has relied and continues to rely on the JVT to develop and maintain a video compression standard for world-wide distribution of HD video.

The final draft of the first version of the H.264/MPEG-4 AVC standard was completed in May 2003. At around the same time, FastVDO submitted a statement to the JVT stating that FastVDO's U.S. Patent No. 6,421,464 ("'the '464 patent") was "essential" to the H.264/MPEG-4 AVC standard. FastVDO stated that it will provide a license for the '464 patent on fair, reasonable and non-discriminatory ("FRAND" or "RAND") terms. On information and belief, FastVDO's late disclosure of the '464 patent did not allow the JVT sufficient time to consider the impact, if any, of the '464 patent on the H.264/MPEG-4 AVC standard.

On July 29, 2003, two months after the standard was completed, and without advising the JVT, FastVDO filed a reissue application for the '464 patent in order to obtain entirely new patent claims to attempt to cover the standard. This reissue application resulted in the '081 patent. On information and belief, FastVDO never disclosed these new claims to the JVT, and in any event the JVT was not able to consider the impact of these claims, if any, on the H.264/MPEG-4 AVC standard before adopting the standard.

In addition, once the new '081 patent claims issued, FastVDO waited several years before

6

asserting that those claims were "essential" to the H.264/MPEG-4 AVC standard. In those intervening years, the industry more widely adopted the standard not knowing that FastVDO would later assert that its broadened patent claims were "essential" to the standard. At the same time, FastVDO publicly asserted it would license the '081 patent on a royalty free basis for JPEG files.

As a result of Plaintiff's interactions with one or more standards setting organizations, including but not limited to the JVT, and parties related to the H.264/MPEG-4 AVC standard, as well as its public statements offering royalty-free license terms, FastVDO's claims for infringement of the '081 patent are barred due to laches, waiver, estoppel and/or unclean hands.

### SIXTH AFFIRMATIVE DEFENSE
**(No Costs)**

FastVDO is barred by 35 U.S.C. § 288 from recovering any costs associated with this action.

### SEVENTH AFFIRMATIVE DEFENSE
**(Violation of Reasonable and Non-Discriminatory Licensing Agreement)**

On information and belief, FastVDO has subscribed to subclause 2.2 of the Patent Policy of the standards setting organization responsible for establishing the H.264 standard and agreed to license its patent on fair, reasonable, and non-discriminatory ("FRAND" or "RAND") terms. Accordingly, FastVDO's damages are limited by that agreement.

### EIGHTH AFFIRMATIVE DEFENSE
**(Intervening Rights)**

FastVDO's claims of infringement of the '081 Patent are barred in whole or in part by the doctrine of intervening rights, pursuant to 35 U.S.C. § 252.

### NINTH AFFIRMATIVE DEFENSE
**(Patent Misuse)**

On information and belief, the claims of the '081 Patent are unenforceable due to patent misuse.

## TENTH AFFIRMATIVE DEFENSE
### (No Right to Injunctive Relief)

FastVDO is not entitled to injunctive relief because there exists an adequate remedy at law, including the fair, reasonable and non-discriminatory license terms that FastVDO committed to.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Lack of Standing)

FastVDO does not have standing to enforce the patent, including but not limited to, because its promise to grant a royalty-free license divests FastVDO of any rights to enforce the patent.

## ADDITIONAL AFFIRMATIVE DEFENSES

Harmonic expressly reserves the right to assert additional affirmative and other defenses to which it is entitled, and further reserves the right to amend or supplement its affirmative defenses as the case progresses or as Harmonic obtains further information.

## HARMONIC'S COUNTERCLAIMS AGAINST FASTVDO

Harmonic hereby alleges the following Counterclaims against FastVDO. The following are counterclaims for a declaratory judgment of non-infringement and/or invalidity of the '081 patent. Harmonic, for its counterclaims herein, alleges as follows:

## PARTIES

1. Counter-claimant Harmonic is a Delaware corporation with a principal place of business at 4300 North First Street, San Jose, CA 95134.

2. On information and belief, FastVDO is a Florida limited liability corporation with a place of business at 750 N. Atlantic Ave., Cocoa Beach, FL 32931.

## JURISDICTION AND VENUE

3. These counterclaims seek declaratory and injunctive relief under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 & 2202. This Court has subject matter jurisdiction of such claims pursuant to 28 U.S.C. § 1331 and 1338 as these counterclaims arise under the Patent

8

Laws of the United States, set forth at 35 U.S.C. § 101 et seq.

4. This Court has personal jurisdiction over Counter-defendant FastVDO because FastVDO submitted to the jurisdiction of this Court by filing its Complaint against Harmonic.

5. Venue is proper in this judicial district because these claims are being brought as compulsory counterclaims pursuant to Fed. R. Civ. P. 13(a), and under 28 U.S.C. §§ 1391(b) and (c) and 1400(b) because the claims set forth herein involve federal questions of United States Patent Law.

## NATURE OF THE ACTION

6. On November 9, 2012, FastVDO filed a Complaint against Harmonic in the United States District Court for the District of Delaware, designated as Civil Action No. 12-cv-01418, alleging that by making, using, selling, offering to sell and/or importing within the United States devices and/or software, Harmonic has infringed, directly and/or indirectly, the '081 Patent. An actual case or controversy exists between the parties because FastVDO has alleged and is alleging infringement of the '081 patent by Harmonic and Harmonic denies those allegations.

## FIRST COUNTERCLAIM
### (Declaratory Judgment of Non-Infringement)

7. Harmonic incorporates and realleges Counterclaim Paragraphs 1 through 6 as though fully set forth herein.

8. An actual, continuing and justiciable controversy exists between Harmonic and FastVDO as to the non-infringement of the '081 Patent, as evidenced by FastVDO's Complaint and Harmonic's Answer to that Complaint, as set forth above.

9. Harmonic has not infringed and does not infringe any valid and enforceable claim of the '081 patent directly, indirectly, literally or under the doctrine of equivalents.

10. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Harmonic

requests a judicial determination and declaration that Harmonic does not infringe and has not infringed, either directly or indirectly, any claim of the '081 Patent.

## SECOND COUNTERCLAIM
### (Declaratory Judgment of Invalidity)

11. Harmonic incorporates and realleges Counterclaim Paragraphs 1 through 10 as though fully set forth herein.

12. An actual, continuing and justiciable controversy exists between Harmonic and FastVDO as to the invalidity of the '081 Patent, as evidenced by FastVDO's Complaint and Harmonic's Answer to that Complaint, as set forth above.

13. The '081 patent, and each claim thereof, is invalid for failing to satisfy one or more of the requirements of the Patent Laws of the United States, set forth at 35 U.S.C. § 101 *et seq.*, including, but not limited to, the conditions of patentability set forth in 35 U.S.C. §§ 101, 102,103 and/or 112.

14. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Harmonic requests a judicial determination and declaration the '081 Patent is invalid for failure to meet one or more conditions and requirements for patentability specified in Title 35, United States Code, including without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

## DEMAND FOR A JURY TRIAL

Harmonic hereby demands trial by jury for all issues so triable.

## PRAYER FOR RELIEF

Harmonic respectfully requests that this Court enter judgment in its favor and grant the following relief:

A. An order dismissing FastVDO's Complaint with prejudice and entering judgment in favor of Harmonic;

B. An order denying any and all relief requested in FastVDO's Complaint;

C. An order entering judgment against FastVDO on Harmonic's Counterclaim, and entering a declaratory judgment declaring that Harmonic does not infringe any valid claim of the '081 Patent, and that the '081 patent is invalid and unenforceable;

D. An order declaring that this case is an exceptional case under 35 U.S.C. § 285, and awarding Harmonic its reasonable attorneys' fees, pursuant to 35 U.S.C. § 285; and

E. Any other relief that the Court may deem appropriate and just under the circumstances.

**GREENBERG TRAURIG, LLP**

/s/ Gregory E. Stuhlman
Gregory E. Stuhlman (#4765)
Eve H. Ormerod (#5369)
The Nemours Building
1007 North Orange Street, Suite 1200
Wilmington, DE 19801
(302) 661-7381
stuhlmang@gtlaw.com
ormerode@gtlaw.com

*Attorneys for Harmonic, Inc.*

Of counsel:

Herbert H. Finn
GREEBERG TRAURIG LLP
77 West Wacker Drive, Suite 3100
Chicago, IL 60601
(312) 456-8400
finnh@gtlaw.com

Patrick Ellisen
Daniel T. McCloskey
GREENBERG TRAURIG LLP
1900 University Avenue, 5th Floor
East Palo Alto, CA 94303
(650) 328-8500
ellisenp@gtlaw.com
mccloskeyd@gtlaw.com

Dated: February 4, 2013